**BOYD v. MOORE.**

**AMERICAN TRUST CO. v. ALAMANCE RY. CO.**

No. 3069.

Circuit Court of Appeals, Fourth Circuit.

Jan. 13, 1931.

J. H. Bridgers, of Henderson, N. C., for appellant.

S. S. P. Patteson, of Richmond, Va. (S. S. P. Patteson & Muse, of Richmond, Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

## PER CURIAM.

This is an appeal from an order denying to the administrator of one R. B. Boyd the right to intervene in a receivership proceeding for the purpose of filing a claim to part of a fund which the court had realized from a sale of property. The claim was made under an allegation that the estate of Boyd owned a number of the bonds entitled to share in the division of the fund. The receivership proceeding was instituted December 13, 1923, and the property covered by the mortgage securing the bonds was sold shortly thereafter. On August 2, 1926, the court ordered that there be paid to the person appearing to the court to be entitled thereto the portion of the fund allocable to the bonds in question, and this was accordingly done. Not until September 24, 1929, more than three years thereafter, was the petition of the administrator filed.

At the time of the institution of the receivership proceedings, R. B. Boyd was alive. Petitioner was appointed administrator for his estate on February 6, 1925. It appears, therefore, that no claim to any part of the fund was asserted until nearly six years after the institution of the receivership proceedings, during a part of which time, presumably a year or more, petitioner's intestate was alive and made no claim to the bonds in question or to any part of the fund in possession of the court. It appears also that no claim was made by the administrator for more than four years after his qualification, that during this time he stood by and allowed the fund to be paid to another under order of court, and that not until more than three years thereafter did he file claim for the fund. Under such circumstances we think it clear that he is barred by laches from asserting the claim, and that the learned District Judge properly refused to entertain his petition.

Affirmed.